## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **TIFFANY SHANTRESE INGRAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION FILE** |
| | ) **NO. 5:08-CV-32** |
| **DONALD STROTHER, individually** | ) |
| **and as a Hancock County Sheriff** | ) |
| **Deputy, and  HANCOCK COUNTY** | ) |
| **SCHOOL BOARD; and HANCOCK** | ) |
| **COUNTY SHERIFF'S** | ) |
| **DEPARTMENT; and HANCOCK** | ) |
| **COUNTY,** | ) |
| | |
| **Defendants.** | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT DONALD STROTHER

COME NOW, Donald Strother, Defendant herein and files his, their Answer to Plaintiff's Complaint, and by way of said Answer and Counterclaim and respectfully shows the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for insufficiency of service of process.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for insufficiency of process.

## FOURTH AFFIRMATIVE DEFENSE

Conduct of the Defendant named in his individual capacity did not violate any clearly established statutory or constitutional right of which a reasonable person would have known and hence they enjoy qualified and good faith immunity.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is immune from some or all of Plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred by the doctrine of official immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred by the doctrine of governmental and/or discretionary immunity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

Conduct of the Defendant named in his individual capacities did not violate any clearly established statutory or constitutional right of which a reasonable

2

person would have known and hence they enjoy qualified and good faith immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are time-barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any cause of action entitling Plaintiff to any relief by virtue of 42 U.S.C. §1983, 42 U.S.C. §1988, or by virtue of the Fourteenth Amendment of the United States Constitution, and therefore, this Court does not have jurisdiction to grant any of the relief sought by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to expenses of litigation.  No viable claims for damages, attorney's fees, or litigation expenses have been made pursuant to 42 U.S.C. §1983,  42 U.S.C. §1988, or any other applicable constitutional provision or law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Counts II, III, IV, V, VI, VII, VII, and IX, or any one of them, do not state claims for which civil liability may be based and the Plaintiff is not the proper party to bring a claim or claims under the theories set forth in these Counts.

## SPECIFIC DEFENSES

In response to the respective paragraphs of the Complaint, Defendant shows as follows:

1.

Answering paragraph 1, Defendant admits that Plaintiff was a student at Hancock Central High School on or about September 6, 2006. Defendant is without knowledge or information sufficient to admit or deny the truth of each and every remaining allegation pled therein.

2.

Defendant denies that he is a resident of Hancock County, Georgia, denies that venue in Hancock County was proper, but admits the remaining allegations in Paragraph 2 of the Complaint.

3.

Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 3 of the Complaint.

4.

Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 4 of the Complaint.

5.

Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 5 of the Complaint.

6.

Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 6 of the Complaint.

7.

Defendant denies any liability to the Plaintiff and denies the allegations of Paragraph 7 of Plaintiff's Complaint.

8.

In responding to Paragraph 8, Defendant admits that Ms. Ingram was approached by the secretary concerning her attire and that Ms. Ingram held a brief dialogue with the secretary in the main office.  Defendant denies each and every remaining allegation in Paragraph 8 of the Complaint.

9.

Defendant denies each and every allegation in Paragraph 9 of the Complaint.

10.

Defendant denies each and every allegation in Paragraph 10 of the Complaint.

11.

Defendant denies each and every allegation in Paragraph 11 of the Complaint.

12.

Defendant denies each and every allegation in Paragraph 12 of the Complaint.

13.

Defendant denies each and every allegation in Paragraph 13 of the Complaint.

## **COUNT I - Battery**

14.

Defendant incorporates by reference his responses to Paragraphs 1 through 13 of the Complaint as though set forth specifically herein.

15.

Defendant denies each and every allegation in Paragraph 15 of the Complaint.

16.

Paragraph 16 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 16 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## Count II – Sexual Assault

17.

Defendant incorporates by reference his response to Paragraphs 1 through 16 of the Complaint as though set forth specifically herein.

18.

Defendant denies each and every allegation in Paragraph 18 of the Complaint.

19.

Paragraph 19 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 19 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## COUNT III – Sexual Battery

20.

Defendant incorporates by reference his response to Paragraphs 1 through 19 of the Complaint as though set forth specifically herein.

21.

Defendant denies each and every allegation in Paragraph 21 of the Complaint.

22.

Paragraph 22 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 22 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## COUNT IV - Stalking

23.

Defendant incorporates by reference his response to Paragraphs 1 through 22 of the Complaint as though set forth specifically herein.

24.

Defendant denies each and every allegation in Paragraph 24 of the Complaint.

25.

Paragraph 25 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 25 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## COUNT IV – False Imprisonment

### 26.

Defendant incorporates by reference his response to Paragraphs 1 through 25 of the Complaint as though set forth specifically herein.

### 27.

Defendant denies each and every allegation in Paragraph 27 of the Complaint.

### 28.

Paragraph 28 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 28 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## COUNT VI – False Arrest

### 29.

Defendant incorporates by reference his response to Paragraphs 1 through 28 of the Complaint as though set forth specifically herein.

### 30.

Defendant denies each and every allegation in Paragraph 30 of the Complaint.

31.

Paragraph 31 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 31 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## COUNT VII – Violation of Oath by Public Officer

32.

Defendant incorporates by reference his response to Paragraphs 1 through 31 of the Complaint as though set forth specifically herein.

33.

Defendant denies each and every allegation in Paragraph 33 of the Complaint.

34.

Paragraph 34 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 34 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## COUNT VIII – Contributing to the Delinquency of a Minor

35.

Defendant incorporates by reference his response to Paragraphs 1 through 34 of the Complaint as though set forth specifically herein.

36.

Defendant denies each and every allegation in Paragraph 36 of the Complaint.

37.

Paragraph 37 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 37 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## COUNT IX – Disruption or Interference with the Operation of Public Schools

38.

Defendant incorporates by reference his response to Paragraphs 1 through 37 of the Complaint as though set forth specifically herein.

39.

Defendant denies each and every allegation in Paragraph 39 of the Complaint.

40.

Paragraph 40 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 40 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## COUNT X – 42 U.S.C. §1983 violation

41.

Defendant incorporates by reference his response to Paragraphs 1 through 40 of the Complaint as though set forth specifically herein.

42.

Defendant denies each and every allegation in Paragraph 42 of the Complaint.

43.

Paragraph 43 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 43 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

## COUNT XI – 42 U.S.C. §1988 violation

44.

Defendant incorporates by reference his response to Paragraphs 1 through 43 of the Complaint as though set forth specifically herein.

45.

Defendant denies each and every allegation in Paragraph 45 of the Complaint.

46.

Paragraph 46 of the Complaint is a prayer for relief which does not require admission or denial.  To the extent that Paragraph 46 is an attempt to set forth any allegations against Defendant, such allegations are expressly denied.

47.

All allegations in the Complaint not heretofore answered, qualified or denied are here and now denied as though set forth specially and denied.

**WHEREFORE**, Defendant respectfully requests that this Court:

1.      Dismiss with prejudice Plaintiff's Complaint;

2.      Award Defendant his reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988 or otherwise; and

3.      Award any and all other relief to Defendant that this Court may deem necessary and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Defendant demands trial by jury as to all issues alleged in this civil action.

## <u>COUNTERCLAIM</u>

COMES NOW Defendant Donald Strother and files his Counterclaim against Plaintiff Tiffany Shantrese Ingram showing the Court as follows:

1.

This Court has personal jurisdiction over the plaintiff, and venue is proper for purposes of this counterclaim.

2.

The allegations in the Complaint, including but not limited to the allegations that Officer Strother are entirely false and were made with the specific intent to harm Officer Strother.

3.

As a direct result of Plaintiff's defamatory statements, Officer Strother has suffered damages to his reputation, his career, his personal relationships and his marriage.

## COUNT ONE- DEFAMATION

4.

Paragraph nos. 1 through 3 of this Counterclaim are incorporated herein by reference as if replead in their entirety.

5.

Plaintiff made false and misleading statements to third parties about Defendant Strother including, but not limited to, the allegation that Officer Strother fondled her breasts, exposed her, and placed his mouth on her breast.

6.

The statements made by Plaintiff impute to Defendant a crime punishable by law.

7.

The statements by Plaintiff constitute libel *per se*.

8.

The statements by Plaintiff make charges against Officer Strother in reference to his trade, office and profession which are calculated to injure him therein and, in fact, have injured him in his profession.

9.

The recipients of the statements by Plaintiff understood the statements to be defamatory.

10.

As a direct and proximate result of the statements by Plaintiff, Officer Strother has been damaged in an amount to be proven at trial.

11.

As a direct and proximate result of the statements by Plaintiff, Officer Strother is entitled to an award of compensatory damages in an amount to be proven at trial.

## COUNT TWO - PUNITIVE DAMAGES

### 12.

Paragraph nos. 1 through 11 of this Counterclaim are incorporated herein by reference as if restated in their entirety.

### 13.

Plaintiff acted with a specific intent to do harm to Officer Strother.

### 14.

Plaintiff's conduct shows willful misconduct, malice, wantonness, oppression, or that entire want of care raises the presumption of conscious indifference to consequences that such an award of punitive damages against Plaintiff are warranted.

### 15.

As a direct and proximate result of Plaintiff's conduct, Officer Strother respectfully requests that the jury award a judgment which includes punitive damages, in such amount as the jury deems just.

## COUNT THREE - ATTORNEYS' FEES

### 16.

Paragraph nos. 1 through 15 of this Complaint are incorporated herein by reference as if replead in their entirety.

17.

Plaintiff has been stubbornly litigious, has put Defendant to unnecessary trouble and expense, and/or has acted in bad faith within the meaning of O.C.G.A. §13-6-11.

18.

Defendant is entitled to recover from Plaintiff its attorneys' fees, costs, and other expenses of litigation, as specified by O.C.G.A. § 13-6-11.

**MOZLEY, FINLAYSON & LOGGINS LLP**

*/s/ Lawrence B. Domenico*
LAWRENCE B. DOMENICO
Georgia Bar No. 003260
JESSICA B. COUCH
Georgia Bar No. 141275
Attorneys for Defendant Donald Strother

One Premier Plaza
5605 Glenridge Drive, Suite 900
Atlanta, Georgia 30342
404.256.0700 telephone
404.250.9355 facsimile
ldomenico@mfllaw.com
jcouch@mfllaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **TIFFANY SHANTRESE INGRAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION FILE** |
| | ) **NO.  5:08-CV-32** |
| **DONALD STROTHER, individually** | ) |
| **and as a Hancock County Sheriff** | ) |
| **Deputy, and  HANCOCK COUNTY** | ) |
| **SCHOOL BOARD; and HANCOCK** | ) |
| **COUNTY SHERIFF'S** | ) |
| **DEPARTMENT; and HANCOCK** | |
| **COUNTY,** | |
| | |
| **Defendants.** | |

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY THAT I have this date electronically filed **"Answer and Counterclaim of Defendant Donald Strother"** with the Clerk of Court using the CM/ECF system which will automatically e-mail notification of such filing to the following attorneys of record:

Nathan J. Wade, Esq.
Terrance P. Mallow, Esq.
Attorneys for Plaintiff Tiffany Shantrese Ingram

G. Kevin Morris, Esq.
Attorney for Defendants Hancock County Sheriff's Department and Hancock County

Eric A. Brewton, Esq.
Attorney for Defendant Hancock County School Board

MOZLEY, FINLAYSON & LOGGINS LLP


/s/ Lawrence B. Domenico
LAWRENCE B. DOMENICO
Georgia Bar No. 003260
Attorneys for Defendant Donald Strother

One Premier Plaza
5605 Glenridge Drive, Suite 900
Atlanta, Georgia 30342
404.256.0700 telephone
404.250.9355 facsimile
ldomenico@mfllaw.com


## LOCAL RULE 7.1(D) CERTIFICATE

Counsel certifies that this Answer and Counterclaim of Defendant Donald Strother was prepared using Times New Roman 14-point font, which is one of the font and point selections approved by the Court in Local Rule 5.1(C).

/s/ Lawrence B. Domenico
LAWRENCE B. DOMENICO