IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TIFFANY SHANTRESE INGRAM,** | : | |
| | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 5:08-CV-32(HL) |
| **HANCOCK COUNTY SHERIFF'S DEPARTMENT, et al.,** | : | |
| | : | |
|     **Defendants.** | : | |
| | : | |

## ORDER

    Defendant Hancock County School Board has filed a Motion to Dismiss (Doc. 31), asserting that it should be dismissed because, among other things, it is not an entity capable of being sued under Georgia law.  Except for corporations and individuals not acting in a representative capacity,[1] the capacity to sue or be sued is determined by the law of the state where the district court is located, which in this case is Georgia.  Fed. R. Civ. P. 17(b)(3).  Under Georgia law, county school boards do not have the capacity to sue or be sued.  Cook v. Colquitt County Bd. of Educ., 261 Ga. 841, 841, 412 S.E.2d 828, 828 (1992).  As a result, the Hancock County School Board's Motion to Dismiss is granted.

    **SO ORDERED**, this the 7th day of November, 2008

                                    *s/  Hugh Lawson*
                                    **HUGH LAWSON, Judge**

dhc

---

[1] For individuals not acting in a representative capacity, the law of the individual's domicile governs the capacity to sue or be sued.  Fed. R. Civ. P. 17(b)(1).  For corporations, the law of the state where the corporation is organized governs.  Fed. R. Civ. P. 17(b)(2).