IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TIFFANY SHANTRESE INGRAM** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **5:08-CV-32-HL** |
| **DONALD STROTHER, et al.** : | |
| : | |
| **Defendants.** : | |
| : | |

# ORDER

Before the Court is the Hancock County School Board's Motion for Attorney's Fees (Doc. 55). For the following reasons, the Motion is granted. The Court reserves ruling on the amount of costs to be awarded under Rule 54(d)(1).

### I.   BACKGROUND

This civil action arises out of an allegation that Plaintiff Tiffany Shantrese Ingram was sexually assaulted at Hancock County High School by the school's resource officer, Donald Strother. Based on the alleged assault, Plaintiff filed suit against the following Defendants: Strother, the Hancock County School Board, the Hancock County Sheriff's Department, and Hancock County. Plaintiff asserted claims for battery, sexual assault, sexual battery, stalking, false imprisonment, false arrest, violation of oath by a public officer, contributing to the delinquency of a minor, disruption or interference with the operation of public schools, and violation of

1

Plaintiff's constitutional rights under 42 U.S.C. § 1983.

On August 28, 2008, the Hancock County School Board moved to dismiss Plaintiff's claims against it. It argued that all claims against it were subject to dismissal because the School Board is not an entity capable of being sued under Georgia law, and that Plaintiff's state law claims were barred by sovereign immunity. The School Board further noted that Plaintiff's § 1983 claim against it was subject to dismissal for several reasons. First, Plaintiff did not allege the violation of any federal constitutional provisions or statutes necessary to state a claim under § 1983. Second, the Complaint's factual allegations against the School Board were not sufficient to establish that any federal rights were violated. Last, Plaintiff's § 1983 claim was subject to dismissal under Monell[1] because it was based exclusively on respondeat superior.

On November 7, 2008, this Court entered an Order (Doc. 47) granting the School Board's Motion to Dismiss (Doc. 31). Plaintiff's claims against the School Board were dismissed because, under Georgia law, school boards are not entities capable of being sued. Having dismissed Plaintiff's claims on that basis, the Court did not address any of the School Board's other arguments in favor of dismissal.

On November 26, 2008, the Hancock County School Board filed the Motion for Attorney's Fees that is presently before the Court. In its Motion, the School

---

[1] Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1974).

2

Board requests (1) that judgment be entered in its favor, (2) that it be awarded attorney's fees in the amount of $5,175.00, and (3) that it be awarded costs under Federal Rule 54(d)(1).

Plaintiff did not respond to the Motion for Attorney's Fees by the applicable deadline. On December 29, 2008, the School Board filed its Reply (Doc. 60), which noted that Plaintiff failed to respond. Only after the School Board pointed out Plaintiff's failure to respond did Plaintiff file a Response (Doc. 61). In an Order (Doc. 62) entered on January 2, 2009, the Court struck Plaintiff's untimely Response from the record.

## II. DISCUSSION

### 1. Request for Judgment

When an action involves multiple claims or multiple parties, the district court may direct the clerk to enter final judgment as to fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Entry of final judgment under this Rule requires a two-step analysis: first, the court must determine whether the judgment is in fact final; second, the court must determine whether there is any just reason to delay entry of judgment. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980).

In this case, this Court dismissed all of Plaintiff's claims against the School Board. This constitutes a final judgment on those claims. Second, there is no just reason to delay entry of judgment. Plaintiff has dismissed her claims against the

Hancock County Sheriff's Department and Hancock County. The only remaining Defendant is Donald Strother, and those claims are stayed because Strother filed a petition for bankruptcy under Chapter 13. (Doc. 63.) There is simply no reason to withhold final judgment until the claims against Strother are adjudicated. As a result, the Court hereby orders that final judgment be entered in favor of the School Board.

### 2. Attorney's Fees

"Under the 'American Rule,' the default assumption is that each party is responsible for its own legal fees, and thus fees ordinarily will not be awarded to a prevailing party without express statutory authority." Johnson v. Florida, 348 F.3d 1334, 1350 (11th Cir. 2003). This traditional rule has been modified by Congress in numerous statutes. In 42 U.S.C. § 1988(b), Congress provided that courts have discretion to award reasonable attorney's fees to prevailing parties in suits brought under, among other statutes, 42 U.S.C. § 1983. Under § 1988, a district court has discretion to award attorney's fees to a prevailing defendant if the court finds that the plaintiff's case was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 422 (1978); see Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1188 (11th Cir. 1985) (noting that the Christianburg standard governs the award of attorney's fees in § 1983 cases). In this Circuit, courts consider three factors in determining whether a claim is frivolous: "(1)

whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan, 773 F.2d at 1189.

In this case, this Court finds that Plaintiff's claims against the School Board were frivolous because, on the face of Plaintiff's Complaint, it was clear that each claim was subject to dismissal as a matter of law. The sole basis for granting the School Board's Motion to Dismiss was that it is not an entity capable of being sued under Georgia law. In support of that conclusion, this Court relied on the Georgia Supreme Court's decision in Cook v. Colquitt County Bd. of Educ., 261 Ga. 841, 412 S.E.2d 828 (1992). In Cook, the Georgia Supreme Court reaffirmed the well-established rule that, in Georgia, "a county board of education, unlike the school district which it manages, is not a body corporate and does not have the capacity to sue or be sued." Id. at 841, 412 S.E.2d at 828. Based on Cook, it was abundantly clear when Plaintiff filed suit against the Hancock County School Board that it was not an entity capable of being sued. The proper defendant would have been the Hancock County School District, but Plaintiff never moved to amend her Complaint to name the proper party.

Had the only error with Plaintiff's claims against the School Board been that she simply named the wrong party, it is likely that an award of attorney's fees would not be appropriate. However, there were numerous other problems with Plaintiff's claims against the School Board that would have resulted in dismissal of those

5

claims even if the Plaintiff had named the proper entity. Plaintiff's state law tort claims, which were interrelated with the § 1983 claim, were clearly barred by the doctrine of sovereign immunity. Plaintiff argued in opposition to the School Board's Motion to Dismiss that the Georgia legislature waived sovereign immunity by enacting the Georgia Tort Claims Act, but Plaintiff's position was clearly contrary to well-established Georgia law. The Georgia appellate courts have spoken clearly on this issue and have held that the Georgia Tort Claims Act does not waive sovereign immunity for school districts. See, e.g., Chisolm v. Tippens, 289 Ga. App. 757, 759, 658 S.E.2d 147, 151 (2008); Crisp County Sch. Dist. v. Pheil, 231 Ga. App. 139, 140, 498 S.E.2d 134, 136 (1998); Wellborn v. DeKalb County Sch. Dist., 227 Ga. App. 377, 379, 489 S.E.2d 345, 347 (1997); Coffee County Sch. Dist. v. Snipes, 216 Ga. App. 293, 296, 454 S.E.2d 149, 151 (1995). Thus, Plaintiff's state law tort claims would have been subject to dismissal on the basis of sovereign immunity even if she named the proper entity as a defendant.

Plaintiff's § 1983 claim against the School Board was likewise subject to dismissal for at least two reasons. First, Plaintiff's Complaint failed to identify a municipal policy or custom that cause her alleged constitutional injury. Plaintiff's § 1983 claim was premised on her allegation that Hancock County High's principal violated her constitutional rights by not investigating why Officer Strother had a female in his office with the door closed. It is well-established that § 1983 does not provide for vicarious liability. Cook ex. rel. Estate of Tessier v. Sheriff of Monroe

County, Fla., 402 F.3d 1092, 1115-16 (11th Cir. 2005). To hold a municipality or municipal entity liable for a § 1983 violation, a plaintiff must "identify a municipal 'policy' or 'custom' that caused [her] injury." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (internal quotations and citations omitted). Plaintiff completely failed to identify any policy or custom that caused any alleged constitutional violation. For this reason, Plaintiff's § 1983 claim was frivolous. See Harvey v. City of Stuart, 296 Fed. App'x 824, 826 (11th Cir. 2008) (upholding the dismissal of a plaintiff's § 1983 claim against a city because the complaint did not identify a municipal policy or custom that caused the alleged constitutional injury).

Second, nowhere in her Complaint did Plaintiff identify the federal right that the School Board allegedly violated. Because a § 1983 claim must be based on the deprivation of a federal constitutional or statutory right, see City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.1 (11th Cir. 2002),[2] Plaintiff's allegations for her § 1983 claim were insufficient to state a claim for this additional reason.[3]

In view of the foregoing, the Court finds that Plaintiff's claims against the School Board were frivolous. It is clear to this Court that Plaintiff simply named the School Board as a defendant without doing any legal research to determine the

---

[2] See also Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) (holding that § 1983 requires a plaintiff to demonstrate a violation of federal law, not state law).

[3] In addition to not identifying the constitutional right that was violated, the factual basis for Plaintiff's § 1983 claim appears to be seriously deficient because those factual allegations, if true, do not appear to violate any provisions of the United States Constitution.

types of claims, if any, that she should assert against it. As a result of that lack of diligence, the School Board was forced to incur attorney's fees to defend against a suit that should have never been brought against it in the first place. The Court therefore finds that an award of attorney's fees is appropriate.

This Court must now determine the amount of that award. The calculation of a reasonable attorney's fee award is performed by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

In this case, the School Board's attorney, Randall Farmer, filed an Affidavit in support of the Motion for Attorney's Fees. Farmer avers that he has been practicing law since 2000, that his hourly rate is $150, and that his rate is reasonable for this market. In this Court's experience, $150 is more than a reasonable rate in this market for an attorney with Farmer's experience who is handling this type of case. As for the amount of time spent, Farmer contends that he spent 34.5 hours defending the case. In support, Farmer has attached to the Motion a detailed breakdown of the amount of time he spent working on various tasks in this case. After reviewing the amount of time spent on this matter, as evidenced by that detailed breakdown, this

Court finds that Farmer expended a reasonable amount of time defending this case.[4] Multiplying Farmer's reasonable hourly rate and the hours he reasonably expended, this Court finds that the School Board is entitled to $5,175.00 in attorney's fees. Plaintiff shall pay that amount to the Hancock County School Board no later than July 31, 2009.

### 3. Costs

The School Board requests costs under Rule 54(d)(1), but it does not request an amount. Typically, this Court utilizes a standard form for bills of costs. The School Board is directed to complete and file the bill of costs form that is located at http://www.gamd.uscourts.gov/forms_publications.htm. This Court reserves ruling on the School Board's request for costs until it files that form.

## III.   CONCLUSION

For the foregoing reasons, Defendant Hancock County School Board's Motion for Attorney's Fees is granted. The Clerk is ordered to enter final judgment in favor of the School Board. The School Board is awarded attorney's fees in the amount of

---

[4] The Court notes that some of the hours expended were most certainly spent defending the state law tort claims. This Court has been unable to find any binding Eleventh Circuit authority on point, but the Seventh Circuit has held that, under 42 U.S.C. § 1988, a prevailing defendant can recover "fee awards for defending frivolous pendent [state law] claims factually or legally related to the frivolous civil rights claims." Munson v. Milwaukee Bd. of Sch. Dirs., 969 F.2d 266, 272 (7th Cir. 1992). In this case, the School Board prevailed on both the state law claims and the federal civil rights claim. The state law claims were factually or legally related to the frivolous § 1983 claim. As a result, this Court finds that the School Board is entitled to a fee award that represents the time its attorney spent defending both the frivolous state law claims and the frivolous § 1983 claim.

9

$5,175.00. Plaintiff shall pay that amount to the School Board no later than July 31, 2009. The Court reserves ruling on the amount of costs to be awarded until such time as the School Board files the appropriate form.

**SO ORDERED**, this the 17th day of July, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc